UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANNA REAGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1487 CDP |
| | ) | |
| COUNTY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Dianna Reagan brings this action against St. Louis County alleging two counts: a takings claim arising under the Fifth Amendment of the federal Constitution, and a federal due process claim under 28 U.S.C. § 1983. St. Louis County has moved to dismiss both counts, arguing that Reagan's prior litigation of this matter in Missouri state court bars her from asserting any claim here. Although Reagan brought her earlier takings claim under a provision of Missouri state law, I agree that the state court decision in that case precludes Reagan from asserting the same claim under federal law in this Court. Under 28 U.S.C. § 1738, full faith and credit must be given to the earlier Missouri state court decision. I will therefore grant the County's motion to dismiss.

## Factual Background

Dianna Reagan is the former owner of a plot of land in St. Louis County.

Reagan purchased the land in 1999 for use in conjunction with her business,

M.T.C. Construction.  After she purchased the property, the St. Louis County

Council re-zoned the land from M-1 Industrial to R-3 Residential.  Because of the

re-zoning, the land was no longer suitable for Reagan's business.  Reagan then

filed suit in Missouri state court, alleging that the County's actions violated the

takings clause of the Fifth Amendment to the federal Constitution, the takings

clause of the Missouri state constitution, and Reagan's 14th Amendment right to

substantive due process under § 1983.  Before the case went to trial, Reagan

voluntarily dismissed the Fifth Amendment claim, and proceeded only on the state

law and due process claims.

Following a bench trial held in Missouri Circuit Court, the trial judge found

that the County's actions constituted an unlawful taking without just compensation

under Missouri law.[1]  Reagan was awarded $65,300 in compensatory damages for

the taking, but was denied any relief under her due process claim.

Both parties appealed to the Missouri Court of Appeals.  The appellate court

affirmed the lower court's decision as to Reagan's § 1983 due process claim, but

---

[1]Reagan had sold the property before trial.  Her cause of action remained, however,
because she alleged that the County's actions decreased the value of the property, thereby
lowering the amount she was able to obtain from the sale.

reversed the decision on the takings issue, holding that the re-zoning did not constitute an unlawful taking under Missouri law. *Reagan v. County of St. Louis*, 211 S.W.3d 104 (Mo. Ct. App. 2006). Reagan appealed to the Missouri Supreme Court, which initially agreed to hear the case, but that court later transferred the case back to the Court of Appeals, which re-instated its earlier ruling. *Reagan v. County of St. Louis*, No. ED85763 (Mo. Ct. App. Feb. 2, 2007) (order reinstating earlier decision of the court). Reagan did not file a petition for certiorari with the U.S. Supreme Court.

Reagan now brings this separate action in federal court. Count I alleges a § 1983 due process claim (identical to the due process claim she litigated in state court), and Count II alleges a federal takings claim under the Fifth Amendment. St. Louis County has moved to dismiss both counts of Reagan's complaint. Reagan responds that she ought be allowed to bring this claim because she voluntarily withdrew it before trial during the earlier litigation.

## Legal Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v.*

*Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

## Discussion

This case presents a conflict between two tenets of federal law – one, the notion that plaintiffs asserting federal causes of action should generally be afforded a federal forum in which to litigate, and the other the full faith and credit principle embodied in the Constitution and 28 U.S.C. § 1738. Dianna Reagan's takings claim under the Fifth Amendment of the federal Constitution has never been heard in federal court. Moreover, she voluntarily withdrew that claim in state court before going to trial. Therefore, Reagan asserts that her federal takings claim should now be heard for the "first" time in this Court. St. Louis County argues in response that Reagan's federal suit is barred by res judicata, because the earlier state court decision must be given full faith and credit.

Under 28 U.S.C. § 1738, the acts, records and judicial proceedings of any court of any state are entitled to the same full faith and credit in federal courts as they have "by law or usage in the courts of such State, Territory or Possession

- 4 -

from which they are taken." Thus, the decision of the Missouri Court of Appeals

to deny Reagan compensation must be given the same preclusive effect in this

court as it would be given in a Missouri state court. If state law would prohibit

Reagan from asserting a new claim under the Fifth Amendment, she is barred from

presenting her claim in this Court. *See Harmon Indus., Inc. v. Browner*, 191 F.3d

894, 902 (8th Cir. 1999) (Federal courts look to the state law of res judicata to

determine whether a state court judgment should be given preclusive effect in

federal court under 28 U.S.C. § 1738.).

State law principles of res judicata not withstanding, Reagan maintains that

she can bring her Fifth Amendment claim in this Court, based on the Supreme

Court's holding in *Williamson County Regional Planning Comm'n v. Hamilton

Bank of Johnson County*, 473 U.S. 172 (1985). In that case, the Court held that a

federal claim for taking without just compensation is not ripe until a state fails "to

provide adequate compensation for the taking." *Id*. at 195. Where a state's

procedure for seeking adequate compensation includes litigation in state court

through a reverse condemnation action, the state does not "fail" to give

compensation until a final adverse decision in that litigation has been reached. *Id*.

*See also, Johnson v. City of Shorewood, Minn*., 360 F.3d 810, 818 (8th Cir. 2004).

Reagan argues that her federal claim was not ripe until she exhausted state

procedures (i.e., until she lost in state court). Thus, Reagan asserts that her federal

claim only became ripe at the conclusion of the earlier state case, and so she must

be allowed to assert it now.  To hold otherwise, she urges, would prevent her from

ever vindicating her Fifth Amendment rights.

The U.S. Supreme Court addressed this very problem in *San Remo Hotel v.

City and County of San Francisco*, 545 U.S. 323 (2005).  In *San Remo*, hotel

owners sued to challenge the constitutionality of a hotel ordinance that required

the owner to pay a $567,000 fee to obtain a conditional use permit.  *Id*. at 330.

The plaintiffs initially sued in state court, alleging various claims under state law,

and specifically reserving federal takings claims so they could later assert them in

federal court.  *Id.*  After litigating all the way to the Supreme Court of California,

plaintiffs then turned to federal district court and attempted to assert their federal

claims.

The Supreme Court held that the plaintiffs were barred from bringing their

claim by § 1738.  *Id*. at 338.  The Court noted that, although the California court

had decided questions of state law, the state court's analysis overlapped with

federal Fifth Amendment jurisprudence.  The California courts "had interpreted

the relevant substantive state takings law coextensively with federal law," and thus

the plaintiffs' "federal claims constituted the same claims that had already been

resolved in state court."  *Id*. at 335.  The U.S. Supreme Court concluded therefore

that the plaintiffs' federal claims were barred by res judicata.

The Court acknowledged that this ruling meant plaintiffs would never be given a federal forum in which to litigate their federal claims. However, federal courts are not free to disregard full faith and credit principles simply to guarantee that all takings plaintiffs can have their day in federal court. *Id.* at 338. Moreover, the Court noted repeated instances in which valid state court judgments have deprived plaintiffs of the "right" to have their federal claims re-litigated in federal court. *See id.* at 342 (citing *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 84 (1984); *Allen v. McCurry*, 449 U.S. 90, 103-104 (1980)). The *San Remo* plaintiffs could have brought their federal claims in state court at the same time they brought their state claims. *Williamson County* does not prevent plaintiffs from arguing to a state court a request for compensation under state law, and in the alternative, that the denial of compensation would violate the Fifth Amendment. *San Remo Hotel*, 545 U.S. at 346.

Reagan's case is virtually indistinguishable from *San Remo Hotel*. Although previously Reagan only argued her takings claim under Missouri state law, the Missouri Court of Appeals decision relied extensively on *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978), a U.S. Supreme Court case interpreting the takings clause of the Fifth Amendment. *Reagan v. County of St. Louis*, 211 S.W.3d 104, 108-110 (Mo. Ct. App. 2006). Like the California court in *San Remo Hotel*, the Missouri court here interpreted the relevant substantive state

takings law coextensively with federal law. If this Court were to consider

Reagan's Fifth Amendment claim, it would use the very same federal standard the

Missouri court applied. Under 28 U.S.C. § 1738, this Court must give the same

full faith and credit to the earlier Missouri state court ruling as would be given

under Missouri law. Missouri courts recognize the doctrine of res judicata.

*Medvick v. City of University City, Missouri*, 995 F.2d 857, 857 (1993) (citing

*State ex rel. Tinnon v. Mueller*, 846 S.W.2d 752, 758 (Mo. Ct. App. 1993)).

Therefore, Reagan is precluded from re-litigating her takings claim in this Court,

even if the technical basis for her claim is slightly different.

 Reagan could have asserted her Fifth Amendment claim in the earlier state

court suit. She instead chose to withdraw that claim. Her voluntary dismissal,

however, does not entitle her to litigate these same issues for a second time,

particularly since the Missouri court decided her state law claim by applying

federal standards.

 Furthermore, under the Rooker-Feldman doctrine, this Court lacks

jurisdiction to hear Reagan's claim. Lower federal courts lack subject matter

jurisdiction to consider federal claims that would vitiate an underlying state court

judgment. *Johnson*, 360 F.3d at 818. *See also, Lance v. Dennis*, 546 U.S. 459,

465 (2006) (The Rooker-Feldman doctrine bars "cases brought by state-court

losers complaining of injuries caused by state-court judgments . . . and inviting

district court review and rejection of those judgments."). Reagan is attempting to bring in federal district court what amounts to an appeal of the earlier state court ruling. Though her claim in this court is nominally different from that in her earlier case, she is "asking for the same remedy requested in the state court action" i.e., just compensation. *Johnson*, 360 F.3d at 819. Reagan's action would succeed "only to the extent that the state court wrongly decided the issues before it." *Gisslen v. City of Crystal, Minnesota*, 345 F.3d 624, 627 (8th Cir. 2003) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Rooker-Feldman thus prohibits this Court from hearing Reagan's Fifth Amendment claim.

The second count of Reagan's federal complaint is a substantive due process claim under 42 U.S.C. § 1983. Reagan previously brought this very claim in the Missouri state court action and lost. She cannot reassert it here. *See Medvick*, 995 F.2d at 858.

### Conclusion

Dianna Reagan's prior litigation of her state law takings claim prohibits her from re-litigating the same takings issue under federal law in this Court. Additionally, her § 1983 claim has been litigated previously and will not be re-heard.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#8] is

GRANTED. Plaintiff's complaint is dismissed with prejudice. A separate order

of dismissal is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 29th day of January, 2008.